IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 04-cv-01377-WYD-PAC

CHARLES KOEHLER,

    Plaintiff,

v.

DONETTA DAVIDSON, in her official capacity as Colorado Secretary of State,

    Defendant.

## **ORDER**

    I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendant Donetta Davidson's Motion to Dismiss, filed July 26, 2004. Four days after Defendant filed her motion, on July 28, 2004, Plaintiff Koehler filed a Status Report and Motion for Enlargement of Time, requesting additional time to respond in order to allow the parties to continue settlement discussions. On September 13, 2004, the Secretary filed a Motion to Stay Proceedings. The next day, on September 14, 2004, Koehler requested another enlargement of time, pending resolution of the Secretary's Motion to Stay Proceedings. On September 15, 2004, this Court granted Koehler's request. This Court granted the Secretary's Motion to Stay Proceedings on September 30, 2004. Following the Secretary's unsuccessful effort to effect a change in Colorado law, this Court reopened the matter on July 28, 2005. Plaintiff filed his Response to Motion to Dismiss on September 12, 2006. On September 23, 2006, Defendant filed her Reply to Response

to Motion to Dismiss.

Defendant contends in her motion that this case should be dismissed based on mootness and res judicata. For the reasons stated below, I grant Defendant's motion.

II.     FACTUAL BACKGROUND

Defendant's Motion to Dismiss provides no background for the motion, so I have pieced together the history of this case through Plaintiff's Complaint and the file. In his Complaint, Plaintiff seeks to "invalidate the State of Colorado's requirement that petition circulators be not only residents of the State of Colorado, but also residents within a particular voting district before they can gather signatures to place a candidate on the ballot." Compl. ¶ 1. Koehler is homeless but resides primarily at 926 W. 10th Street. *Id.* ¶¶ 2, 14. He volunteered to collect signatures to place Waldo Benavidez, a candidate for the Democratic Party's nomination to the Colorado General Assembly House District 2, on the August 10, 2004, primary ballot. *Id.* ¶¶ 3–4. Koehler and Benavidez are longtime friends and both live on Denver's "West Side." *Id.* ¶¶ 2–4. House District 2 encompasses major portions of Denver's West Side. *Id.* ¶ 3.

On June 9, 2004, the Secretary of State issued a "Notification of Sufficiency," which stated that Benividez had collected enough signatures to appear on the August 10th ballot opposite Michael Cerbo, and Benavidez was certified as a candidate for the House District 2 Democratic Party Primary. *Id.* ¶ 5. On June 14, 2004, Cerbo filed a protest with the Secretary of State, claiming among other things that the signatures collected by Koehler should not be counted because Koehler did not reside in House District 2. *Id.* ¶ 6. The Secretary disqualified 56 signatures on that basis. *Id.* Because

the signatures were disqualified, Benavidez did not have the number of signatures required, and he was disqualified.  *Id.* ¶ 7.

Colorado Revised Statute § 1-4-905(1) provides: "No eligible elector shall be eligible to circulate any petition unless the elector is eligible to vote in the voting district for the office for which the petition is being circulated and, for partisan candidates, is affiliated with the political party mentioned in the petition at the time the petition is circulated, as shown by the registration books of the county clerk and recorder." COLO. REV. STAT. § 1-4-905(1).  Koehler argues that the requirement of this statute that he be a resident of House District 2 "substantially burdens—indeed, tramples—Koehler's core First Amendment right to collect signatures to place Benavidez on the ballot."  Compl. ¶ 20.

Waldo Benavidez also challenged the disqualification of the signatures by filing a petition in District Court for the City and County of Denver on July 2, 2004.  Order in *Benavidez v. Cerbo, et al.*, 04-cv-5473 (Denver Dist. Ct. July 21, 2004).  According to the District Court decision, one of Benavidez's claims was that "the signatures gathered by Charles Koehler were erroneously excluded because the Secretary erred in concluding that Charles Koehler was not a resident of the district."  Order at 2.  In that decision, Judge Meyer looked to Colorado Revised Statute § 1-4-905(1) (detailed above); § 1-2-101(1)(b), which requires that to be eligible to vote in a district, a person must reside in that district; and § 1-2-102(1)(a)(II), which is a special provision for determining the residence of a homeless voter.  Judge Meyer was also guided by Colorado Revised Statute § 1-1-103, which states, "This code shall be liberally

construed so that all eligible electors may be permitted to vote and those who are not eligible electors may be kept from voting in order to prevent fraud and corruption in elections." COLO. REV. STAT. § 1-1-103(1). It further states, "Substantial compliance with the provisions or intent of this code shall be all that is required for the proper conduct of an election to which this code applies." COLO. REV. STAT. § 1-1-103(3).

After reviewing the relevant statutory provisions and the parties' stipulated facts regarding Koehler's residences, Judge Meyer concluded, "Viewing the totality of the circumstances and applying the substantial compliance test, I conclude that Benavidez established by a preponderance of the evidence that Koehler was a resident of District 2. Therefore, the 56 signatures rejected by the Secretary solely because Mr. Koehler was not deemed to be a resident should have been accepted." Order at 7.

III.   ANALYSIS

    1.   Standard of Review

The Secretary moves to dismiss this case with prejudice but not does state which rule she is relying on to dismiss the case nor does she provide the relevant standard of review. Koehler states that he "assumes in his response that the Secretary has brought this Motion to Dismiss under FED. R. CIV. PROC. 12(b)(1) for her jurisdictional claims, and under 12(b)(6) for her res judicata claims." Pl.'s Resp. at 2. In construing the motion to dismiss, the court "'must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 U.S. 858 (1997) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1

(10th Cir. 1994)).  "A complaint may be dismissed pursuant to FED. R. CIV. P. 12(b)(6) only 'if the plaintiff can prove no set of facts to support a claim for relief.'"  *Id.* (quoting *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995)).

If, accepting all well-pleaded allegations as true and drawing all reasonable references in favor of plaintiff, it appears beyond doubt that no set of facts entitle plaintiff to relief, then the court should grant a motion to dismiss.  *See Tri-Crown, Inc. v. Am. Fed. Sav. & Loan Ass'n*, 908 F.2d 578, 582 (10th Cir. 1990).

### 2. Whether Dismissal is Proper in this Case

Defendant contends in her motion that this case should be dismissed based on mootness.  Generally, a federal court may not issue a decision absent a live case or controversy.  *See Mills v. Green*, 159 U.S. 651, 653 (1895).  Mootness occurs when there is no reasonable expectation that the violation complained of will recur and where interim events or relief have completely eliminated the effects of the alleged violation.  *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).

Plaintiff does not take issue with the applicability of the mootness doctrine to his claims but argues they fall into the exceptions.  The exceptions to the mootness doctrine require a party to show that the following two elements are present: "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again."  *Meyer v. Grant*, 486 U.S. 414, 417 (1988) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam) (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam)).

I find that the Plaintiff's claims under § 1983 do not fall within the exceptions to the mootness doctrine. Here, the challenged action is the rejection of signatures on petitions circulated by non-residents of a state representative district on the ground that the circulators were non residents of the district. These claims were resolved in the state court. *Benavidez v. Cerbo, et al.*, 04-cv-5473 (Denver Dist. Ct. July 21, 2004). Additionally, as to a recurrence of this residency dispute, there is no showing of a reasonable expectation or likelihood that the same controversy will repeat itself involving the same plaintiff. The assertion that Plaintiff is a political activist who is likely to circulate petitions for future candidates is too speculative to satisfy the exception. "The Court has never held that a mere physical or theoretical possibility was sufficient to satisfy the test stated in *Weinstein."  Murphy*, 455 U.S. at 482. Thus, having concluded that Plaintiff's claims are moot, I need not address the doctrine of res judicata.

IV.     CONCLUSION

In conclusion, for the reasons set forth above, it is

ORDERED that Defendant's Motion to Dismiss, dated July 26, 2004, is **GRANTED**, this case is dismissed, and each party shall bear its own costs and attorney's fees.

Dated:  October 12, 2006

                                        BY THE COURT:


                                        s/ Wiley Y. Daniel
                                        Wiley Y. Daniel

U. S. District Judge